IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| THOMAS LANE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 13-00491-KD-N |
| JOSEPH S. JOHNSTON, | ) ) ) | |
| Defendant. | ) | |

## ORDER

In this *pro se* § 1983 action, two motions have been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.2(c)(4): Plaintiff Thomas Lane's motion to set his case for trial, stating that he has "no money and [does not] expect to get any money[,]" but if he does, he will "send it to [the Court]" (Doc. 6); and motion for appointment of counsel (Doc. 7). For the reasons explained below, both motions are due to be and are hereby **DENIED**.

1. **Motion to proceed without payment of a partial filing fee pursuant to 28 U.S.C. § 1915(b)(1)**

The undersigned construes Lane's first motion (Doc. 6) as a response to the Court's October 28, 2013 Order (Doc. 5), in which Lane was ordered to remit $4.00 no later than November 18, 2013 as a partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). (*See* Doc. 5 at 1 (explaining, "Plaintiff's motion [Doc. 4] indicates that a partial filing fee must be paid by Plaintiff before this action proceeds further.").)

As the Court made clear to Lane in its previous order, the Prison Litigation

Reform Act of 1995 (the "PLRA")

> "clearly and unambiguously requires that 'if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee.'" *Hubbard v. Haley*, 262 F.3d 1194, 1197 (11th Cir. 2001) (quoting 28 U.S.C. § 1915(b)(1)), *cert. denied*, 534 U.S. 1136 (2002). Nevertheless, the PLRA provides that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4). Accordingly, the impecunious defendant, although liable for the entire fee, may pay his or her entire fee in installments. *Id.* § 1915(3)(b)(1); *see McGore v. Wrigglesworth*, 114 F.3d 601, 606 (6th Cir. 1997) (observing that "the only issue [in IFP fee determination] is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan"); *see also Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997).

*Wilson v. Sargent*, 313 F.3d 1315, 1318 (11th Cir. 2002) (internal citation modified).

> Once the district court assesses an initial partial filing fee, the inmate is liable for its payment. *See* § 1915(b)(1). If the prisoner's account does not contain the full amount assessed as an initial partial filing fee, the inmate must ensure that any available portion of that initial fee is withdrawn from his account and transmitted to the clerk of the district court. *See Hatchet v. Nettles*, 201 F.3d 651, 653 (5th Cir. 2000). Once the entire initial partial filing fee is paid pursuant to § 1915(b)(1), the PLRA requires that the prisoner make monthly payments equivalent to 20 percent of the preceding month's income credited to his or her account each time the balance exceeds $10, until the entire remainder of the filing fee is paid. *Id.* § 1915(b)(2).

*Id.* at 1320 (citation modified and footnote omitted). The Court has also already conveyed this information Lane, in the order granting his motion to proceed without prepayment of fees. (*See* Doc. 5 at 1.)

Lane, through his current motion, is not refusing to **ever** pay the initial partial filing fee of $4.00, previously assed by the Court, but is instead requesting that the Court let his case proceed before he pays that amount. That is, of course,

not an option under the PLRA. *See* 28 U.S.C. § 1915(b)(1). Thus, Lane's request raises the issue of *when* the Court can dismiss this matter for his failure to pay the initial partial filing fee. And *Wilson v. Sargent*, in which the plaintiff unconditionally refused to pay the initial partial filing fee (of $7.16) pursuant to § 1915(b)(1), *see* 313 F.3d at 1320-21, is instructive.[1] There, the Eleventh Circuit held

> that before dismissing a prisoner's complaint for failure to comply with an IFP order directing the prisoner to pay an initial partial filing fee pursuant to 28 U.S.C. § 1915, the district court must take reasonable steps . . . to determine whether the prisoner complied with the order by authorizing payment by prison officials.

*Id.* at 1321 (citing *Hatchet*, 201 F.3d at 654); *but see id.* at 1321 n.7 (cautioning that nothing in *Wilson v. Sargent* "precludes a court from inquiring further into the inmate's account activity after entry of the IFP order. For example, if the court determines that [an inmate] is unable to pay the partial filing fee at the time of collection because he intentionally depleted his account to avoid payment, the court

---

[1] There, the plaintiff, Wilson, argued that he was "excused from payment of his initial partial filing fee of $7.16 because he lack[ed] funds." *Id.* at 1320. The Eleventh Circuit disagreed:

> According to § 1915(b)(1), the prisoner must pay the initial fee "when funds become available." Even if the account contains less than $10, the inmate must pay to the clerk of the district court any and all existing funds up to and including the amount of the initial partial filing fee; the ten-dollar rule of § 1915(b)(2) applies only after the initial partial filing fee is paid. ***Once ordered to pay the $7.16, Wilson therefore was required to pay that amount as soon as funds became available.*** For example, if he had $7.16 in his account, he was required to pay the entire amount. If he had $5.00, he was required to pay $5.00, and to withdraw and pay funds from any subsequent deposits into his account up to and including $2.16. Thus, Wilson would be excused from making payments on his initial partial filing fee only if his account balance was $0.00 ***and no further deposits were made to his account***.

*Id.* at 1320 (internal citations omitted and emphasis added).

3

in its sound discretion may dismiss the action." (citation omitted)).[2]

Accordingly, Lane's motion to proceed ***without payment*** of the filing fee (Doc. 6) is **DENIED**. *See, e.g., McGore*, 114 F.3d at 606. In light of *Wilson v. Sargent*, however, Lane is afforded additional time to comply with the Court's previous order (Doc. 5). And it is **ORDERED** that, no later than **December 12, 2013**, Lane shall either (1) **REMIT** to the Clerk of this Court the **$4.00** partial filing fee through a money order made payable to "Clerk, U.S. District Court" or (2) **SHOW CAUSE** in writing why he is unable to pay the partial filing fee. If Lane chooses to show cause in writing, he **SHALL** include in his response a financial statement from his institution reflecting his account activity dating back to **August 14, 2013** (the start date for the statement he previously provided (*see* Doc. 4 at 6-7)).

Lane is further **CAUTIONED** that the failure to comply with this order could result in a recommendation to the District Judge that his lawsuit be dismissed for failure to comply with an order of the Court and/or failure to prosecute his case.[3]

### 2. Motion for appointment of counsel

---

[2] For example, in *Walker v. Powell*, 351 Fed. App'x 384 (11th Cir. Oct. 30, 2009) (per curiam), the Eleventh Circuit affirmed the dismissal of an inmate's § 1983 case for failure to make payments on his court fees where the record revealed that the plaintiff failed to adequately explain purchases he made with funds that could have been used to pay court-ordered filing fees. *See id.* at 386 (noting, "The Plaintiff's failure to comply with the terms of his *in forma pauperis* petition and the District Court's 20 October order are sufficient justification for the District Court to dismiss the case.").

[3] Should nonpayment of the initial partial filing fee remain a problem, the undersigned will explore the alternatives set out in *Wilson v. Sargent*, 313 F.3d at 1321-22, before recommending that this matter be dismissed.

4

Lane has no right to appointment of counsel in this civil action. *See Fowler v. James*, 899 F.2d 1088, 1096 (11th Cir. 1990) ("Appointment of counsel in a civil case is not a constitutional right."). Rather, "[t]he appointment of counsel is [ ] a privilege that is justified only by exceptional circumstances." *McCall v. Cook*, 495 Fed. App'x 29, 31 (11th Cir. Oct. 31, 2012) (per curiam) (quoting *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987)). Determining "whether such circumstances exist" is within this Court's "discretion." *Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996) (citations omitted); *see also Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999) ("A plaintiff in a civil suit has no constitutional right to counsel. A court may, however, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff. The district court has **broad discretion** in making this decision, and should appoint counsel only in exceptional circumstances." (internal citation omitted and emphasis added)). "The primary exceptional circumstance arises when 'the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner.'" *Caffey v. Mobile Police Dep't*, Civil Action No. 12–0400–WS–M, 2012 WL 5399094, at *3 (S.D. Ala. Nov. 5, 2012) (quoting *Poole*, 819 F.2d at 1028). At this initial stage of the proceeding, the Court is simply not in a position to assess whether this case presents exceptional circumstances that necessitate appointment of counsel. Therefore, Lane's motion (Doc. 7) is premature and due to be **DENIED**.

**DONE** and **ORDERED** this the 21st day of November, 2013.

                                     */s/ Katherine P. Nelson*
                                     **KATHERINE P. NELSON**
                                     **UNITED STATES MAGISTRATE JUDGE**