# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

THOMAS LANE,                               :

    Plaintiff,                             :

vs.                                        :       CIVIL ACTION 13-0491-KD-N

JUDGE JOSEPH S. JOHNSTON,                   :

    Defendant.                             :

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding pro se and in forma pauperis, filed a complaint under 42 U.S.C. § 1983. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). After careful review, it is recommended that this action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**I. Complaint.** (Doc. 1).

Mobile County Circuit Court Judge Joseph S. Johnston is the sole defendant to plaintiff's barely legible complaint, which consists of two complaint forms with numerous attachments. (Doc. 1 at 5, 13). According to plaintiff, he was indicted for three capital offenses, namely, capital murder, being intentional murder during the course of a burglary in the first degree, Ala. Code § 13A-5-40(a)(4) (Count I); murder for pecuniary or valuable consideration, Ala. Code § 13A-5-40(a)(7) (Count II); and capital murder, being intentional murder during the course of a robbery in the first degree, Ala. Code § 13A-5-40(a)(2) (Count III). (Id. at 29, Cir. Ct. Order dated April 27, 2006). Plaintiff was convicted of Counts I and II and of the lesser included

offense of murder, to the offense of capital murder, being intentional murder during the course of

a robbery in the first degree (Count III). (Id.). In order to avoid subjecting plaintiff to double

jeopardy, defendant Johnston entered "a judgment of acquittal to count III (three) of the

indictment only."[1] (Id. at 32).

Plaintiff alleges that "on June 23, 2012, the US Supreme Court reve[r]sed [his]

---

[1]     Defendant Johnston explained in his order:

The issue before the Court is whether the Defendant's conviction for
Murder as a lesser included offense of the charge of Capital Murder, Intentional
Murder during the course of a Robbery in the First Degree pursuant to Ala. Code
§ 13A-5-40(a)(2) (1975), under Count III and his conviction for Capital Murder,
being Intentional Murder during the course of a Burglary in the First Degree, Ala.
Code § 13A-5-40(a)(4) (1975), as charged in Count I of the Indictment amounts
to "double jeopardy".

Ala. Code § 13A-1-8 (1975) provides:

"b) when the same conduct of a defendant may establish the commission
of more than one offense, the defendant may be prosecuted for each such
offense. He may not, however, be convicted of more than one offense if :

(1) One offense is included in the other, as defined in Section 13A-
1-9; or
. . . .

Intentional Murder is a lesser offense to the offense of capital murder, as
charged in Count III (Intentional Murder during the course of a robbery).
Because the intentional murder of Theresa Lane as charged in Count III of the
indictment was an element of the capital offense of the intentional murder of
Theresa Lane during the course of a burglary, as charged in Count I of that same
indictment, Thomas Lane cannot be convicted of both counts.

. . . .

Thus, under the afore cited authority, the Court hereby **ENTERS A
JUDGMENT OF ACQUITTAL AS TO COUNT III (THREE) OF THE
INDICTMENT ONLY**.

(Doc. 1 at 30-32).

conviction for capital murder Al Code 13A-5-40 [unintelligible] to prove murder Al Code 13A-6-2[.]  This can not happen because Judge Johnston acquitted [him] of murder Ala Code 13A-6-2 on April 27, 2006[.]  Judge Johnston sho[uld] have let [him] go because of the acquittal [on] Feb 17, 2012[,] when [he] arrived back to Mobile[.]"  (Id. at 4).  Plaintiff maintains that after he was acquitted, defendant Johnston sent him to Holman's death row.  (Id. at 11).  Plaintiff contends that as a result of the acquittal, defendant Johnston lost jurisdiction to send him to death row and should have sent him home.  (Id. at 11-12).  Therefore, defendant Johnston owes plaintiff for his lost wages and for the schooling needed to regain his license and certification.  (Id. at 12).  Furthermore, plaintiff was returned to the Mobile County Metro Jail ("jail") on February 17, 2012 and wants to be released.  (Id. at 4).

For relief, plaintiff seeks his release and defendant Johnston to pay for his lost wages, schooling, and court costs.  (Doc. 1 at 7, 15).[2]

## II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because plaintiff is proceeding in forma pauperis, the Court is reviewing his complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B).  Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact."  Neitzke v. Williams, 490 U.S. 319,

---

[2]  In plaintiff's criminal cases, the trial court overrode the jury's recommendation that plaintiff be sentenced to life without the possibility of parole on his capital murder convictions for the death of his estranged wife, and sentenced plaintiff to death.  Lane v. State, 80 So.3d 280, 283 (Ala.Crim.App. 2010), cert. quashed, 80 So.3d 303 (Ala. 2011), cert. denied, Alabama v.. Lane, 132 S.Ct. 114 (2012).  On appeal, the Alabama Court of Criminal Appeals reversed and remanded plaintiff's two capital convictions on the ground that plaintiff's Sixth Amendment rights were adversely affected by the removal of his criminal defense counsel of choice.  Id. at 303.  The Alabama Supreme Court and the United States Supreme Court did not disturb this decision.  According to the Alacourt website, by order dated August 8, 2013, plaintiff's case, State v. Thomas Robert Lane, CC-2005-001499.00, is set for disposition on February 20, 2014, with trial set for May 5, 2014.

325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).[3]  A claim is frivolous as a matter of law

where, inter alia, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim

seeks to enforce a right that clearly does not exist.  Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure

to state a claim upon which relief may be granted.  Mitchell v. Farcass, 112 F.3d 1483, 1490

(11th Cir. 1997).  To avoid dismissal for failure to state a claim upon which relief can be granted,

the allegations must show plausibility.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127

S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007).  "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949,

173 L.Ed.2d 868 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief

above the speculative level" and must be a "'plain statement' possess[ing] enough heft to

'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965,

1966 (second brackets in original).  But "[t]hreadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678, 129

S.Ct. at 1949.  Furthermore, when a successful affirmative defense, such as a statute of

limitations, appears on the face of a complaint, dismissal for failure to state a claim is also

warranted.  Jones v. Bock, 549 U.S. 199, 215, 127 S.Ct. 910, 920-21, 166 L.Ed.2d 798 (2007).

When considering a pro se litigant's allegations, a court gives them a liberal construction

holding them to a more lenient standard than those of an attorney.  Haines v. Kerner, 404 U.S.

___

[3]  The frivolity and the failure-to-state-a-claim analysis contained in Neitzke v. Williams
was unaltered when Congress enacted 28 U.S.C. § 1915(e)(2)(B) in 1996.  Bilal v. Driver, 251
F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001).  However, dismissal is now
mandatory under § 1915(e)(2)(B).  Id. at 1348-49.

519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972).  The court, however, does not have

"license . . . to rewrite an otherwise deficient pleading [by a <u>pro se</u> litigant] in order to sustain an

action."  <u>GJR Investments v. County of Escambia, Fla.</u>, 132 F.3d 1359, 1369 (11th Cir. 1998),

<u>overruled on other grounds by</u> <u>Randall v. Scott</u>, 610 F.3d 701, 710 (11th Cir. 2010) (relying on

<u>Iqbal</u>, 556 U.S. 662, 129 S.Ct. 1937).  Furthermore, the court treats as true factual allegations,

but it does not treat as true conclusory assertions or a recitation of a cause of action's elements.

<u>Iqbal</u>, 556 U.S. at 681, 129 S.Ct. at 1951.  In addition, a <u>pro se</u> litigant "is subject to the relevant

law and rules of court including the Federal Rules of Civil Procedure."  <u>Moon v. Newsome</u>, 863

F.2d 835, 837 (11th Cir.), <u>cert. denied</u>, 493 U.S. 863 (1989).

**III.  Analysis.**

    **A.  Damages Claims.**

Plaintiff names Judge Johnston, a state circuit court judge, as the sole defendant.  In a

"1983 action, a judge is entitled to absolute judicial immunity from damages for those acts taken

while he was acting in his judicial capacity unless he acted in the 'clear absence of all

jurisdiction.'"  <u>Stump v. Sparkman</u>, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 1104-05, 55 L.Ed.2d

331 (1978) (quotation omitted); <u>Simmons v. Conger</u>, 86 F.3d 1080, 1084-85 (11th Cir. 1996)

(same).  A judge is entitled to this immunity even though his acts were in error, were malicious,

or were in excess of his jurisdiction.  <u>Stump</u>, 435 U.S. at 356, 98 S.Ct. at 1104.

Defendant Johnston is alleged to have ruled in error by sending plaintiff to Holman

Correctional Facility's death row, instead of releasing plaintiff after acquitting him of one of the

three capital charges.  Plaintiff also maintains that it was beyond defendant Johnston's

jurisdiction to do this after the acquittal.  As a circuit court judge, defendant Johnston handles

criminal cases and conducts criminal trials.  <u>See</u> ALA. CODE § 12-11-30(2) ("The circuit court

shall have exclusive original jurisdiction of all felony prosecutions . . . .).  Ruling on issues that

arise in a criminal case and sending a person convicted of a crime to prison are functions that a

circuit court judge typically performs.  See Smith v. State, 854 So.2d 1176, 1177 (Ala. Crim.

App. 2002) (sentencing a convicted felony criminal defendant to incarceration in prison is a

function typically performed by an Alabama circuit court judge).  Clearly, defendant Johnston

was acting in his judicial capacity in plaintiff's criminal case before him when he entered a

ruling of acquittal on one of the counts against plaintiff and ordered plaintiff's incarceration on

the other two counts, thereby not releasing plaintiff.  Furthermore, if defendant Johnston denied a

request for release from plaintiff after he was returned to the jail for re-trial, defendant Johnston

would have been acting in his judicial capacity.[4]  Thus, the first prong of the Stump immunity

test requiring a judge to have acted in his judicial capacity with respect to the complained of

actions is met.

The next prong of the Stump test inquires as to whether defendant Johnston acted in the

"clear absence of all jurisdiction."  Simmons, 86 F.3d at 1085 (quoting Stump, 435 U.S. at 357).

The Stump Court explained the "clear absence of all jurisdiction" by reference to a prior decision

that distinguished "between lack of jurisdiction and excess of jurisdiction with the following

examples: if a probate judge, with jurisdiction over only wills and estates, should try a criminal

case, he would be acting in the clear absence of jurisdiction and would not be immune from

liability for his action; on the other hand, if a judge of a criminal court should convict a

defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and

would be immune."  Id. at 357 n.7, 98 S.Ct. at 1105 n.7.  The Eleventh Circuit Court of Appeals

---

[4]  It is not clear if plaintiff made such a request to defendant Johnston.  However, plaintiff identified a claim related to his return to the jail and request for release as one for false imprisonment.  (Id. at 5).

also observed that "[t]he precedents of both the Supreme Court and the Eleventh Circuit tie judicial immunity directly to the subject-matter jurisdiction of the court[.]" William B. Cashion Nevada Spendthrift Trust v. Vance, 2014 WL 103964, at *2 (11th Cir. Jan. 13, 2014) (unpublished).[5]

In Alabama, a circuit court judge is granted exclusive original jurisdiction over all felony prosecutions. ALA. CODE § 12-11-30 (2) (1996); see ALA. CODE § 13A-1-2 (8) (defining a felony to be "[a]n offense for which a sentence to a term of imprisonment in excess of one year"). This jurisdiction includes capital cases. See Henderson v. State, 616 So.2d 406, 409 (Ala.Crim.App. 1993) (finding the legislature has only limited the circuit court's original jurisdiction to two instances which involve misdemeanors where it has concurrent jurisdiction with the district court); see also ALA. CODE § 13A-5-47(e) (providing that the circuit court may override the advisory opinion of the jury in a capital case); ALA. CODE § 13A-5-46(e) (providing that the jury in a capital case may enter an advisory opinion recommending a sentence of life imprisonment without the possibility of parole or death). In the present case, defendant Johnston was plainly within his jurisdiction when he ordered plaintiff's incarceration after acquitting him of *only one of the three* capital convictions or when he denied plaintiff's release after the Alabama Court of Criminal Appeals' decision to reverse and remand his two capital convictions and death sentences as defendant Johnston's rulings all concerned plaintiff's criminal cases that were before him as a circuit court judge. Thus, the Court finds that defendant Johnston was acting within his jurisdiction as a circuit court judge with respect to plaintiff's claims.

Because both prongs of the Stump test are satisfied, defendant Johnston is entitled to

---

[5] Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

absolute judicial immunity from plaintiff's damages claims.  Accordingly, plaintiff's damages claims against defendant Johnston are frivolous as a matter of law and are due to be dismissed.

**B. Claim for Injunctive Relief**.

In addition to a request for damages, plaintiff requests to be released in this § 1983 action.  (Doc. 1 at 7, 15).  However, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995) (quoting Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody."  Preiser v. Rodriguez, 411 U.S. 475, 484, 93 S.Ct. 1827, 1833, 36 L.Ed.2d 439 (1973)).  A habeas claim seeking release based on a challenge to the fact of confinement is simply not recognized under § 1983.  See Heck v. Humphrey, 512 U.S. 477, 481, 114 S.Ct. 2364, 2369, 129 L.Ed.2d 383 (1994) (relying on Preiser, supra).  Accordingly, plaintiff's request for release in this § 1983 action is frivolous as a matter of law is due to be dismissed with prejudice.

## IV.  Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

<u>**NOTICE OF RIGHT TO FILE OBJECTIONS**</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4.

8

The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's factual findings." Dupree v. Warden, Attorney General, State of Alabama, 715 F.3d 1295, 1300 (11th Cir. 2011). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

        **DONE** this 12th  day of February, 2014.

                    /s/ Katherine P. Nelson
                    **UNITED STATES MAGISTRATE JUDGE**